The Honorable Mike Hathorn State Representative Route 2, Box 409 Huntsville, AR 72740-9649
Dear Representative Hathorn:
You have requested an Attorney General opinion concerning coverage of the actions of two former school employees under a blanket dishonesty bond.
You indicate that a former school superintendent and his assistant entered into contracts on behalf of the school district to purchase computers from a corporation that they had formed one month prior to the initial purchase. The school board was unaware of these two individuals' proprietary interest in the corporation. The prosecuting attorney determined that the computers were worth a substantial amount less than the school district had paid for them. All payments were made by the superintendent. You state that the superintendent and his assistant admit that they violated A.C.A. § 6-21-602 (which makes it a misdemeanor for a school official to receive compensation for using his position to influence the procurement of school equipment). The "blanket dishonesty" bond that was issued for the coverage of school employees states that it will indemnify against losses resulting from "fraudulent or dishonest acts." The term "fraudulent or dishonest act" is defined by the terms of the bond to mean: "[A]n act which is punishable under the Criminal Code in the jurisdiction within which the act occurred, for which said Employee or Official 1) could be tried and convicted by a court of proper jurisdiction or 2) pleads guilty or nolo contendere or 3) is found guilty. No criminal charges were ever filed against the superintendent or his assistant.
In light of the foregoing scenario, you have asked:
 Since no criminal theft charges were ever filed, is a violation of A.C.A. § 6-21-602 for self-dealing an "act which is punishable under the criminal code" for the purpose of coverage under the blanket dishonesty bond?
It is my opinion that a violation of A.C.A. § 6-21-601 constitutes an act that is punishable under the criminal code.
I must note that the Attorney General's office is not authorized to interpret the provisions of bonds for purposes of determining their applicability in a given factual situation. Nor is the Attorney General authorized to make determinations of fact. The enforceability of any bond will turn almost entirely upon the facts of each situation. I therefore cannot make a determination concerning the enforceability of the bond in the situation about which you have inquired. Nevertheless, because you have asked a more general question, I am able to respond.
A.C.A. § 6-21-602 states:
 (a) No member of the State Board of Education, the Director of the Department of Education, the State Board of Workforce Education and Career Opportunities, the Director of the Department of Workforce Education, county or city superintendent of schools, school director, or any employee of any of them shall act as agent or representative of any author or book seller seeking to sell any schoolbooks to the state or to any school district or directly or indirectly to receive any emolument, reward, or premium for his service or influence in recommending or procuring the use of any book, school apparatus, or furniture of any kind in any public school.
 (b) Any school official who shall violate this act shall be guilty of a misdemeanor and removed from office, and liable to a fine not exceeding five hundred dollars ($500).
A.C.A. § 6-21-602 (emphasis added).
There is no doubt that A.C.A. § 6-21-602 creates a criminal offense, punishable under the criminal code.
I note that the language of the bond about which you have inquired does not appear to require the filing of criminal charges as a condition precedent to its coverage. Rather, it appears to require only that the act in question be punishable as a crime, and that it be an act for which the employee in question "could" be tried. This provision of the bond clearly does not condition coverage upon the actual filing of criminal charges.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh